IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK EUGENE JOHNSON, | : | Civil No. 1:20-CV-02412 |
| Petitioner, | : | |
| v. | : | |
| WARDEN OF SCI-SMITHFIELD, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

### MEMORANDUM

Before the court is a petition for habeas corpus pursuant to 28 U.S.C. § 2254 filed by Derrick Eugene Johnson. (Doc. 1.) For the reasons set forth below, the court will dismiss the petition.

### PROCEDURAL HISTORY

Derrick Eugene Johnson ("Petitioner") is a self-represented litigant who filed a petition for writ of habeas corpus seeking relief from his state court judgment with this court in December of 2020. (Doc. 1.) The procedural history of Petitioner's state criminal convictions and subsequent appeals are properly summarized in the memorandum entered by the Pennsylvania Superior Court on December 10, 2019. (Doc. 22-1, pp. 491–95.)[1] The court will provide the following brief summary: Following a jury trial, Petitioner was found guilty of Murder of the First Degree and was sentenced on June 25, 2014 to serve life in

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

1

prison without the possibility of parole. (Doc. 22, p. 3.) He filed a post-sentence motion challenging the weight and sufficiency of his conviction, and the motion was denied on November 25, 2014. (*Id.*; Doc. 22-1, pp. 325–32.); *Commonwealth v. Johnson*, CP67-CR-0005271-2013 (York Cty. Ct. Com. Pl.). The conviction and sentence were affirmed by the Pennsylvania Superior Court on August 7, 2015. (Doc. 22-1, pp. 14, 315–20.) Petitioner's request for an allowance of appeal with the Pennsylvania Supreme Court was denied on December 22, 2015. (*Id.*)

On March 24, 2017, Petitioner filed a petition for relief under the Post-Conviction Relief Act ("PCRA"). (Doc. 22, p. 4; Doc. 22-1, pp. 14, 355–66.) Following several appointments of counsel, defense attorney Heather Reiner filed a motion to withdraw with a notice of intent to file a Turner/Finley brief. (Doc. 22, p. 4; Doc. 22-1, pp. 16, 410–14; Doc. 23-1, pp. 3–4.) The PRCA court granted attorney Reiner's motion to withdraw and filed a notice intent to dismiss the PCRA petition. (Doc. 22, p. 4; Doc. 22-1, p. 17, 405–09.) The petition was denied on June 29, 2018, and Petitioner filed a notice of appeal on July 23, 2018. (Doc. 22, p. 4; Doc. 22-1, p. 17, 451.) Petitioner's brief raised multiple issues, but only fully addressed the following three: (1) prosecutorial misconduct; (2) abuse of discretion; and (3) ineffective assistance of counsel. (Doc. 22, pp. 4–5, 451–79.) The petition was denied on June 29, 2018. (Doc. 22-1, p. 482.) Petitioner appealed the denial. (Doc. 22-1, p. 17.) On December 10, 2019, the Pennsylvania

Superior Court issued an order affirming the denial of Petitioner's PCRA petition. (*Id.*, pp. 490–504.)  Petitioner filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on July 21, 2020. (*Id.*, pp. 17–19, 510–11.)

Petitioner then filed the instant petition with this court on December 11, 2020. (Doc. 1.)  This appeal raises three issues: (1) that his Sixth and Fourteenth Amendment due process rights were violated because the Commonwealth withdrew the conspiracy charges and then had the judge add accomplice liability, thereby relieving the Commonwealth of proving every element beyond a reasonable doubt; (2) that his Sixth and Fourteenth Amendment rights were violated when the Commonwealth read testimony of a witness who had committed perjury that did not show up at trial to testify; and (3) he had ineffective assistance of counsel. (*Id.*)[2]  The petition has been fully briefed and will now be addressed by the court.

## VENUE

Under 28 U.S.C. § 2241(d), a petition for a writ of habeas corpus under Section 2254 can be filed in either the district where the petitioner is in custody, or in the district where the petitioner was convicted and sentenced.  28 U.S.C. §

---

[2] The petition enumerates these as four claims, but the first and fourth claims are the same. (Doc. 1, pp. 5–6, 9–10.)

2241(d). Petitioner was convicted and sentenced in York County, Pennsylvania, which is located in this district. Therefore, venue in this district is proper.

### STANDARD OF REVIEW

Habeas corpus is an "'extraordinary remedy' reserved for defendants who were 'grievously wronged' by the criminal proceedings." *See Dunn v. Colleran*, 247 F.3d 450, 468 (3d Cir. 2001) (quoting *Calderon v. Coleman*, 525 U.S. 414, 146 (1998)). The exercise of restraint by a federal court in reviewing and granting habeas relief is appropriate due to considerations of comity and federalism. *See Engle v. Isaac*, 456 U.S. 107 (1982). "The States possess primary authority for defining and enforcing the criminal law. In criminal trials they also hold the initial responsibility for vindicating constitutional rights. Federal intrusions into state criminal trials frustrate both the States' sovereign power and their good-faith attempts to honor constitutional law." *Id.* States also have a recognized interest in the finality of convictions that have survived direct review within the state court system. *See Brecht v. Abrahamson*, 507 U.S. 619, 620 (1993).

A district court may entertain an application for a writ of habeas corpus filed by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a). If a claim presented in a § 2254 petition has been adjudicated on the merits in state court proceedings, habeas relief cannot be granted unless:

the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* § 2254(d).

## DISCUSSION

### A. Petitioner's Initial Two Claims are Procedurally Defaulted, but a Portion of the Ineffective Assistance of Counsel Claim Has Been Exhausted in the State Courts.

The court must first determine whether Petitioner's grounds for relief presented in his § 2254 petition have been exhausted in the state courts and, if not, whether circumstances exist to excuse Petitioner's procedural default of his claims.

Absent unusual circumstances, a federal court should not entertain a petition for writ of habeas corpus unless the petitioner has satisfied the exhaustion requirement articulated in 28 U.S.C. § 2254(b). Under § 2254(c), a petitioner will not be deemed to have exhausted his available state remedies if he had the right under the law of the state to raise, by any available procedure, the question presented. *See O'Sullivan v. Boerckel*, 526 U.S. 838, (1999). A petitioner may exhaust a federal claim either by raising it on direct appeal or presenting it in post-conviction PCRA proceedings. *See id.* at 845. In addition, a claim is exhausted when it has been "fairly presented" to the state court. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). To that end, the federal habeas claim "must be the

substantial equivalent of that presented to the state courts." *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). The petition must do so "in a manner that puts [the respondents] on notice that a federal claim is being asserted." *See Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005). "The Supreme Court has instructed that a claim is not 'fairly presented' if the state court 'must read beyond a petition or brief . . . in order to find material' that indicates the presence of a federal claim." *Collins v. Sec'y of Pa. Dep't of Corr.*, 742 F.3d 528, 542 (3d Cir. 2014) (quoting *Baldwin v. Reese*, 541 U.S. 27, 32 (2004)). Moreover, a habeas corpus petitioner has the burden of proving the exhaustion of all available state remedies. *See* 28 U.S.C. § 2254. Overall, the exhaustion requirement advances the goals of comity and federalism, while reducing "piecemeal litigation." *See Duncan v. Walker*, 533 U.S. 167, 180 (2001).

"When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is an absence of available State corrective process." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999). Claims deemed exhausted because of a state procedural bar are considered to be procedurally defaulted. *See, e.g., Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000). The district court then analyzes the claims under the procedural default doctrine. *See id.* The purpose of this rule is to prevent habeas

petitioners from avoiding the exhaustion doctrine by defaulting their claims in state court.  *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991).

Here, Petitioner failed to raise the Sixth and Fourteenth Amendment claims based on the conspiracy charge being withdrawn and replaced with accomplice liability charge and the reading of the testimony of the absent witness on direct appeal in state court.  (Doc. 22-1, pp. 325–32.)³  Therefore, when he raised these issues in the subsequent PRCA petition, the state court found that he had waived the issues.  (*Id.*, pp. 498–501.)

A petitioner whose constitutional claims have not been addressed on the merits due to procedural default can overcome the default, thereby allowing federal court review, if the petitioner can demonstrate either: (1) "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law; or (2) that the failure to consider the claims will result in a "fundamental miscarriage of justice."  *See Coleman*, 501 U.S. at 750.  Here, Petitioner has failed to present either of these paths to overcoming the default.  (Docs. 1, 23.)  Therefore, these claims are procedurally defaulted and dismissed.

---

³ Petitioner's brief in support of his direct appeal argues that the verdict was against the weight of the evidence.  (Doc. 22-1, pp. 325–32.)  In doing so, he discusses accomplice liability, but focuses on the evidence in support of the theory, and not the timing in which the theory was raised at trial.  (*Id.*, p. 331.)

The PCRA court proceedings did address the ineffective assistance counsel claim on its merits, but only as to failing to object to the introduction of accomplice liability at the end of the trial. (Doc. 22-1, pp. 501–04.) The instant petition raised four claims in furtherance of his ineffective assistance of counsel claim: (1) failing to impeach a witness on the grounds of prior inconsistent statements; (2) failing to object to a misdescription of evidence; (3) failing to object to the Commonwealth "vouching" for a witness; and (4) failing to object to accomplice liability being entered in the closing arguments. (Doc. 1, p. 8.) The PCRA court found that Petitioner's ineffective assistance of counsel claims stemming from the failure to impeach a witness and failing to object to statements made by the Commonwealth during opening and closing arguments that allegedly mischaracterized the evidence were not properly raised in the petition and were therefore waived. (*Id.*, p. 502.) As such these two arguments are procedurally defaulted, and Petitioner failed to present either of the paths to overcoming the default. Therefore, these two claims for ineffective assistance of counsel will be dismissed.

In reviewing the PCRA court documents, it appears that Petitioner failed to raise a challenge to the Commonwealth's "vouching" for a witness. Therefore, this issue has not been exhausted at the state level, and this court cannot address it at this time. Therefore, this claim will be dismissed.

The court notes that Petitioner's traverse addresses ineffective assistance of counsel during his initial PRCA petition. (Doc. 23, pp. 5–6.) However, this was not raised in the petition at issue before the court. (Doc. 1.) Therefore, it will not be addressed further.

In conclusion, the sole claim that this court will address on its merits is ineffective assistance of counsel based on trial counsel's failure to object to the introduction of accomplice liability in the closing statements.

### B. The Ineffective Assistance of Counsel Claim Fails on its Merits.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defence." U.S. Const. amend VI.  The purpose of the right to the assistance of counsel is to ensure a fair trial, and "the Court has recognized that 'the right to counsel is the right to the effective assistance of counsel.'" *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.*  "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003).  The clearly

established federal law as to an ineffective-assistance-of-counsel claim is *Strickland*, which sets forth the following two-prong analysis.

Under the first prong of *Strickland*, the petitioner must establish that counsel's performance was deficient. 466 U.S. at 687. "*Strickland'*s first prong sets a high bar." *Buck v. Davis*, 137 S. Ct. 759, 775 (2017). To establish that counsel's performance was deficient, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. As such, the court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance," *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 689), and "[t]o overcome that presumption, a defendant must show that counsel failed to act 'reasonabl[y] considering all the circumstances[,]'" *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 688). "The challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 687).

Under the second prong of *Strickland*, the petitioner must establish prejudice. *Strickland*, 466 U.S. at 687. To do so, the petitioner must show a

reasonable probability that, if not for counsel's errors, the result of the proceeding would have been different. *Id.* at 694. The petitioner "need not prove that the evidence would have been insufficient if not for counsel's errors . . . [or] 'that counsel's deficient conduct more likely than not altered the outcome.'" *Saranchak v. Sec'y, Pa. Dep't of Corr.*, 802 F.3d 579, 588 (3d Cir. 2015) (quoting *Strickland*, 466 U.S. at 693). Rather, the issue is whether there is a reasonable probability of a different result. *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Pinholster*, 563 U.S. at 189 (quoting *Harrington*, 562 U.S. at 112).

To prevail on an ineffective-assistance claim, a petitioner must satisfy both prongs of *Strickland*. A court can choose which prong of the standard to apply first, and it may reject an ineffectiveness claim on the ground that the petitioner was not prejudiced without addressing whether counsel's performance was deficient. *Strickland*, 466 U.S. at 697.

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). "Even under *de novo* review, the standard for judging counsel's representation is a most deferential one." *Premo v. Moore*, 562 U.S. 115, 122 (2011). And "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult."

11

*Harrington*, 562 U.S. at 105.  When the state court has decided the claim on the merits, "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.'"  *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).  "And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."  *Id.*

Here, the state court addressed this issue on its merits stating that "Johnson fails to explain how counsel had no reasonable strategic basis for his inaction." (Doc. 21-1, pp. 502–03.)  It further reproduced the lower PCRA court's determination that essentially it was not possible for Petitioner to succeed on the prejudice prong, and found that the lower court's "analysis is well supported by the record.  We therefore agree with the court's conclusion that Johnson also failed to establish that the underlying claim had arguable merit."  (*Id.*, pp. 503–04.)  Here, Petitioner has raised no argument that that state court's determination was unreasonable.  (Docs. 1, 23.)

Under Pennsylvania law, ineffective assistance of counsel in a PCRA petition requires a three-part standard: (1) the legal claim underlying his ineffectiveness claim has arguable merit; (2) counsel's decision to act (or not)

12

lacked a reasonable basis designed to effectuate the petitioner's interests; and (3) prejudice resulted. *Boyd v. Tice*, No. 1:21-CV-00886, 2022 WL 14068795, at *6 (M.D. Pa. Oct. 24, 2022).[4]  Here, Petitioner has provided no argument in support of all three of these requirements.  Therefore, there are no grounds provided that allows this court to find the PCRA's determination to be unreasonable.  Therefore, the petition will be dismissed.

### C. A Certificate of Appealability Will Not Be Issued.

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 237.  "When the district court denies a habeas petition on procedural grounds without reaching the

---

[4] Although the Pennsylvania courts use slightly different language to articulate the ineffective-assistance-of-counsel standard, the standard used by the Pennsylvania courts is consistent with the *Strickland* standard.  The Third Circuit "has repeatedly recognized that Pennsylvania's test for ineffective assistance of counsel is consistent with the Supreme Court's decision in *Strickland* because it requires 'findings as to both deficient performance and actual prejudice.'" *Tyson v. Superintendent Houtzdale SCI*, 976 F.3d 382, 391 (3d Cir. 2020) (quoting *Mathias v. Superintendent Frackville SCI*, 876 F.3d 462, 476 (3d Cir. 2017)).  And the Superior Court applied that standard in this case.

prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will be issued.

## CONCLUSION

For the reasons set forth above, the court will dismiss the petition for writ of habeas corpus will be dismissed.

A separate order will be issued.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: April 28, 2023